UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

YISROEL SELWYN on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

            -against-

FORSTER & GARBUS LLP

                        Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Yisroel Selwyn, brings this action against Forster & Garbus LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Commack, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Yisroel Selwyn

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about November 13, 2017, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

13.     The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016):

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."

14.     The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

15.     However, if the "BALANCE DUE" will never increase and the holder of the debt will

always accept payment of the amount set forth in full satisfaction of the debt then the

Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter will increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

16.     The Second Circuit in *Avila* did not "hold that a debt collector must use any particular

disclaimer" *Id.*

17.     However, the Second Circuit did address all the possible scenarios: 1) If the "current

balance" could increase over time, then the collection notice must disclose that the

"balance might increase due to interest and fees". *Id.* 2) If the "current balance" is

currently increasing, then the collection notice must disclose that the amount of the debt

stated, "in the letter will increase over time". *Id.* 3) If the "current balance" will never

increase and the debt collector is always willing to accept this "specified amount" in "full

satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt

collector is willing to accept a "specified amount" in full satisfaction of the debt only if

payment is made by a specific date, then the debt collector must simplify the consumer's

understanding by so stating, while advising that the amount due could increase by the

accrual of additional interest or fees if payment is not received by that date.

18.     In this case, the "BALANCE DUE" would increase over time due to undisclosed fees.

Nevertheless, the collection notice did not disclose that the amount of the debt stated in

the letter "could" or "will" increase over time.

19. Though the November 13, 2017 letter listed a "BALANCE DUE" and demanded payment in full, the letter did not state on which date the "BALANCE DUE" was calculated, and did not explain that other charges would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

20. A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

21. Yet in reality, the "BALANCE DUE" was not static as represented by a summons and complaint which was filed against Mr. Selwyn in Civil Court, County of Kings, which demanded the "sum of $10,198.95 together with the disbursements of this action."

22. Since there are undisclosed costs, disbursements and fees, a consumer who pays the "BALANCE DUE" stated on the notice will not know whether the debt has been paid in full.

23. The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

24. The statement of a "BALANCE DUE," without notice that the amount could increase over time, or already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

25. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but

mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

26. Collection notices that state only the "BALANCE DUE," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

27. Although the said November 13, 2017 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the debt could accrue additional charges over time.

28. Upon receiving the said November 13, 2017 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

29. A debtor who pays the "BALANCE DUE" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

30. The November 13, 2017 letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money he or she allegedly owed to the Defendant, how much money would accrue daily on the consumer's alleged debt, how much additional money he or she would owe if the consumer paid the amount demanded in the said letter, and if or when the Defendant's collection efforts would actually discontinue if the consumer remitted "BALANCE DUE" that the Defendant demanded.

31. The said letter fails to include any of the safe harbor language set out by the Second Circuit.

32.    The Plaintiff was left unsure whether the "BALANCE DUE" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

33.    If the "BALANCE DUE," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.

34.    Defendant was required to include a disclosure that the debt may increase over time, or in the alternative, the Defendant was required to disclose that the creditor will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those "safe harbor" disclosures in violation of 1692e.

35.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking undisclosed charges on this debt over time.

36.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

37.    Upon information and belief, such actions are part of a scheme or business of Defendant when attempting to collect alleged debts from consumers in the State of New York.

38.    Upon information and belief, the Defendant's collection letters, such as the said November 13, 2017 collection letter, number in at least the hundreds.

39.     The Defendant, by failing to state that it would add other charges to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

40.     Defendant's November 13, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

41.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

45.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under

section 1692e of the Act.

48.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

50.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51.    The identities of all class members are readily ascertainable from the records of Forster & Garbus LLP and those business and governmental entities on whose behalf it attempts to collect debts.

52.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Forster & Garbus LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

54.  The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55.  The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

56.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

57.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

58.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.  Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

60.  Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

61.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through sixty (60) herein with the same force and effect is if the same were set forth at length herein.

62.  This cause of action is brought on behalf of Plaintiff and the members of a class.

63.  The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 13, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the

FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### Violations of the Fair Debt Collection Practices Act

64.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

65.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 9, 2018

        /s/ Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

        /s/ Maxim Maximov
Maxim Maximov, Esq.